IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: NADER MODANLO                    :

NADER MODANLO, *et al.*                  :

    Appellants                          :

    v.                                  : Civil Action No. DKC 2006-1168

                                        :

CHRISTOPHER MEAD, *et al.*               :

    Appellees                           :

                                        :

**MEMORANDUM OPINION**

This case is before the court on appeal from the Order of United States Bankruptcy Judge Nancy V. Alquist authorizing the Chapter 11 trustee, Christopher B. Mead ("Trustee"), to take specified actions on behalf of, and with respect to, New York Satellite Industries, LLC (NYSI), in the Chapter 11 case filed by Nader Modanlo ("Debtor"), Case no. 05-26549-NVA.[1]  (Paper 16). Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed.R.Bankr.P. 8012.  For the reasons that follow, the court will affirm the bankruptcy court's Order.

_____

[1] Final Analysis Communications Systems, Inc. (FACS), also appeals the bankruptcy court's Order, and joins in the briefs filed by Debtor.  For simplicity, references to Debtor's legal positions below will indicate positions taken by Debtor and FACS in their joint brief and reply brief.

## I.    Background

The following facts are undisputed, unless otherwise noted. Debtor has been involved in litigation over the management of two companies, Final Analysis, Inc. (FAI), and Final Analysis Communications Services, Inc. (FACS).   In 2001, FAI filed an involuntary petition under Chapter 11 of the Bankruptcy Code. Fourteen shareholders of FACS filed direct and derivative claims against FACS, FAI, and Debtor in the Circuit Court for Montgomery County in 2001, alleging misappropriation, fraud, and breach of fiduciary duty on the part of Debtor and FAI.  On October 22, 2004, a jury found that Debtor had breached his fiduciary duty and awarded a judgment of $103.93 million against Debtor.  On July 22, 2005, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

Before filing his voluntary Chapter 11 case, Debtor was the sole member of NYSI, a Delaware Limited Liability Company (LLC). NYSI, in turn, owns a majority of the outstanding stock of FACS. A significant asset of FACS is a verdict obtained in the United States District Court for the District of Maryland against General Dynamics on September 6, 2005, Case no. PJM 03-307.  The jury in the General Dynamics litigation originally awarded FACS $129 million, but this award was reduced to $11.87 million.  FACS has filed an appeal of the reduction of this verdict.

2

On December 23, 2005, the bankruptcy court ordered the appointment of a trustee to manage Debtor's assets. Debtor filed a timely appeal, and this court affirmed the bankruptcy court's order. *Modanlo v. Ahan* (In re *Modanlo*), No. DKC 2006-0268.[2] Christopher B. Mead ("Trustee") was appointed as Chapter 11 Trustee of Debtor's estate on January 10, 2006.

Trustee immediately acted to take control of NYSI. The same day he was appointed, Trustee filed an amendment to NYSI's Limited Liability Company Agreement ("LLC Amendment") providing that:

> Notwithstanding anything else to the contrary, (i) the Company may be managed by a manager, as such term is defined by the [Delaware Limited Liability Company] Act, and (ii) the Company's manager need not be a member of the Company.
> The Trustee hereby appoints Christopher B. Mead, in his capacity as Chapter 11 Trustee for Nader Modanlo, in Bankruptcy Case No. 05-26549-NVA, United States Bankruptcy Court for the District of Maryland ("Manager"), as manager of the Company. Management of the Company shall be vested solely in the Manager, and Manager shall have the absolute authority to take any and all actions on behalf of the Company, and to sign any and all documents on the Company's behalf, including, but not limited to, any and all agreements, contracts, and documents in connection with any court action. Any person dealing with the Company may exclusively rely on Manager's signature as

---

[2] Michael H. Ahan, a creditor of Debtor's estate, filed a brief in this appeal. (Paper 12). Debtor objects to this brief on the ground that Ahan did not participate in the proceeding below. It is unnecessary to resolve this controversy because the bankruptcy court's Order will be affirmed without reaching the preemption issue raised in Ahan's brief.

> evidencing Manager's authority to act on
> behalf of the Company.

(Trustee's Ex. 2 for Feb. 28, 2006 hearing).  Also the same day,
Trustee filed a voluntary bankruptcy petition on behalf of NYSI,
acting under the authority purportedly conferred upon him by the
LLC Amendment.  Trustee then filed identical emergency motions in
Debtor's and NYSI's bankruptcy cases seeking authorization to cause
NYSI, as controlling shareholder of FACS, to call a shareholder
meeting of FACS.  It is undisputed that at least one of Trustee's
goals in calling the shareholder meeting was to remove Debtor as a
director of FACS.

On February 28, 2006, the same day the bankruptcy court held
a hearing on the emergency motion, Trustee filed a "Written Consent
of and Agreement Regarding Admission of Personal Representative of
Last Remaining Member," ("LLC Consent"), stating that:

> Pursuant to Section 18-806 of the Delaware
> Limited Liability Company Act (the "Act"), the
> undersigned, who is the Personal
> Representative (as defined in Section
> 18-101(13) of the Act), by virtue of being
> appointed Trustee pursuant to In re: Nader
> Modanlo, Case No. 05-2-6549-NVA filed in the
> United States Bankruptcy Court for the
> District of Maryland (Greenbelt Division) of
> the last remaining member of New York
> Satellite Industries, LLC (the "Company")
> hereby consents to the continuation of the
> Company, effective as of the occurrence of an
> event described in Section 18-801(a)(4) of the
> Act (that is, the bankruptcy of the last
> remaining member), to the extent that such
> consent to continue has not already been made;
> and the undersigned, as such Personal
> Representative, hereby agrees to the admission

4

> of the undersigned, as a member of the
> Company, in such undersigned's capacity as the
> Personal Representative of the last remaining
> member, effective as of the date of the
> occurrence of the event described in Section
> 18-801(a)(4) of the Act.

(Trustee's Ex. 14 for Feb. 28, 2006 hearing).

The bankruptcy court granted Trustee's emergency motion in an Order entered on April 7, 2006. Debtor and FACS filed a timely notice of appeal on April 12, 2006.[3]

## II.  Standard of Review

On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *See In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992); *Travelers Ins. Co. v. Bryson Prop., XVIII* (*In re Bryson Prop., XVIII*), 961 F.2d 496, 499 (4th Cir.), *cert. denied sub nom., Bryson Prop., XVIII v. Travelers Ins. Co.*, 506 U.S. 866 (1992).

## III.  Analysis

Debtor presents the following issues on appeal: "I. Did the Bankruptcy Court err when it determined that an adversary proceeding was not required?  II. Did the Bankruptcy Court err when

---

[3] Judge Alquist entered an identical order in the voluntary Chapter 11 case filed on NYSI's behalf by Trustee, No. 06-1-0158-NVA.  A notice of appeal was filed in that case as well, but has not been pursued and thus is not at issue in this case.  It is unnecessary to decide whether, as Trustee argues, the failure to appeal this order precludes reversing the bankruptcy court's Order in Debtor's Chapter 11 case because the bankruptcy court's Order will be affirmed.

it permitted the bankruptcy trustee to ask the Secretary of FACS to call a meeting of the shareholders. . . ?" (Paper 6, at 1-2).

## A.  Adversary Proceeding

Debtor argues that the bankruptcy court erred by deciding the case without requiring a formal adversary proceeding.  The bankruptcy court reasoned that "the relief requested by the Trustee is not the kind that needs to be brought by an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001." (Paper 16, at 2 n.1).  Debtor argues that an adversary proceeding was required because the bankruptcy court made declaratory judgments as an intermediate step in concluding that Trustee had power to cause NYSI to call a shareholder meeting of FACS's shareholders.  Debtor also argues that the bankruptcy court reached a declaratory judgment as to whether FACS stock was property of the estate.

Fed.R.Bankr.P. 7001, *et seq.* establish procedural requirements for adversary proceedings that are similar to the Federal Rules of Civil Procedure and more stringent than those required for contested matters.  These rules reflect a determination that certain forms of relief are "of sufficient consequence to the affected party that the party deserved something more than a copy of a generic motion which may have been mailed to countless other creditors and which may include numerous other requests for relief totally unrelated to the specific relief sought against that party." *In re Fuller*, 255 B.R. 300, 305 (Bankr.W.D.Mich. 2000).

6

The circumstances under which the additional procedures associated with an adversary proceeding are required are provided in Fed.R.Bankr.P. 7001:

> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;
> (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);
> (3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;
> (4) a proceeding to object to or revoke a discharge;
> (5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;
> (6) a proceeding to determine the dischargeability of a debt;
> (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;
> (8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;
> (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or
> (10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

The bankruptcy court concluded that the relief requested by Trustee did not fit any of the circumstances enumerated in Fed.R.Bankr.P. 7001 and that an order authorizing Trustee to act was appropriate relief to request under 11 U.S.C. § 363(b)(1). (Paper 16, at 2 n.1, 25-26, 29). Section 363(b)(1) provides that

7

an appointed "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ."

Debtor argues that the bankruptcy court erred by failing to require an adversary proceeding that he asserts was necessary because the bankruptcy court resolved a dispute as to ownership of property, issued an injunction under Fed.R.Bankr.P. 7001(7), or made a declaratory judgment under Fed.R.Bankr.P. 7001(9). Debtor argues that the case involved the disputed possession of FACS's stock, which one of NYSI's creditors may have taken possession of to secure NYSI's debt. Debtor contends that the bankruptcy court declared that NYSI "remains the 'majority stockholder of FACS.'" (Paper 15, at 5). Debtor asserts that such a determination either was a declaratory judgment that required an adversary proceeding or that more stringent process was otherwise required before the bankruptcy court could determine the contested ownership of the FACS stock certificates.

The bankruptcy court did not resolve any dispute as to NYSI's interest in the stock certificates for FACS stock. It reserved "for another day (and possibly another court)" any question as to NYSI's authority to call a shareholder meeting. (Paper 16, at 29) The bankruptcy court's order authorizes Trustee to take action through his control of NYSI, but does not make any ruling as to the ownership of FACS stock. (Paper 1, Ex. 18). Because it did not

8

resolve this controversy, the bankruptcy court did not resolve the validity or extent of a lien or other interest in property, which would require an adversary proceeding pursuant to Fed.R.Bankr.P. 7001(2). Debtor also argues that it is necessary to join all parties to resolve competing interests of "multiple parties claim[ing] ownership interests in the same property." *Cross Timbers Oil Co. v. Rosel Energy, Inc.*, 167 F.R.D. 457, 460 (D.Kan.), *reconsideration denied*, 168 F.R.D. 649 (1996). No such competing claims to the FACS stock were resolved by the bankruptcy court. The requirement to join all interested parties is not applicable.

Debtor alternatively argues that an adversary proceeding was required because the bankruptcy court issued an injunction or made a declaratory judgment under paragraphs (7) or (9) of Fed.R.Bankr.P. 7001. Resolution of Trustee's emergency motion was not "a proceeding to obtain an injunction or other equitable relief" that requires an adversary proceeding. Fed.R.Bankr.P. 7001(7). Equitable relief under Fed.R.Bankr.P. 7001(7) includes injunctions, accountings, specific performance, and other relief "traditionally granted only by courts of equity." 10 *Collier on Bankruptcy* ¶ 7001.08 (15th ed. rev. 2006). Trustee sought a hearing and authorization to act under 11 U.S.C. § 363(b)(1). This action is not an equitable injunction or relief traditionally reserved for courts of equity. Judge Alquist's Order does not compel or forbid

any action on the part of any party.  It only authorizes Trustee to take action to call a shareholder meeting through his control of NYSI, but it does not require any other entity to heed his request. (Paper 1, Ex. 18).

Debtor argues that the bankruptcy court's conclusions with regard to the status of NYSI, and Trustee's authority over it, are declaratory judgments which can only be issued after an adversary proceeding under Fed.R.Bankr.P. 7001(9).  An adversary proceeding is required only if the moving party requested a declaratory judgment as to one of the eight issues enumerated in Fed.R.Bankr.P. 7001(1)-(8); a declaratory judgment as to any other matter does not require an adversary proceeding.  Fed.R.Bankr.P. 7001(9) ("a proceeding to obtain a declaratory judgment *relating to any of the foregoing*") (emphasis added); see also 10 *Collier on Bankruptcy* ¶ 7001.10 & n.2 (citing *National Gypsum Co. v. Prostok*, No. 3:98CV0869P, 2000 WL 1499345, at *13 (N.D.Tex. 2000)).

Debtor identifies five conclusions of the bankruptcy court which he asserts are declaratory judgements that required an adversary proceeding:  (1) that NYSI was dissolved when Debtor filed for bankruptcy, (2) that Trustee was authorized to name himself manager of NYSI, (3) that Trustee is a "personal representative" of Debtor under Delaware law, (4) that certain sections of the Delaware Limited Liability Company Act ("LLC Act") do not apply to single member LLCs such as NYSI, and (5) that

10

Trustee's actions resuscitated NYSI from its dissolved state. (Paper 6, at 4-5). None of these conclusions, even if they are declaratory judgments as to NYSI's legal status under Delaware law, reaches any of the issues enumerated in Fed.R.Bankr.P. 7001(1)-(8), and no adversary proceeding was necessary.

**B. Trustee's Authority to Control NYSI**

NYSI was dissolved pursuant to the Delaware LLC Act when Debtor filed his voluntary Chapter 11 case.[4] Del. Code Ann. tit. 6, § 18-801(a)(4). Trustee has acted in an attempt to resuscitate NYSI under Delaware law by executing the LLC Amendment and later the LLC Consent. The parties disagree as to whether that action has been or can be effective.[5] The bankruptcy court found that NYSI was resuscitated from dissolution by Trustee's action and Trustee acquired the power to control NYSI upon the execution of either the LLC Amendment or the LLC Consent. (Paper 16, at 17).

Under Del. Code Ann. tit. 6, § 18-304(1) "[a] person ceases to be a member of a limited liability company" if, among other things, that person "[f]iles a voluntary petition of bankruptcy." The

---

[4] Trustee argues that Debtor is estopped from arguing that NYSI was dissolved because of his actions in running NYSI after he filed for bankruptcy, but this dispute need not be resolved because, as discussed below, NYSI was resuscitated by Trustee's actions.

[5] Trustee also argues that provisions of the Delaware LLC Act relied upon by Debtor are preempted by the Bankruptcy Code. It is not necessary to decide this issue because, as described below, Trustee has taken control of NYSI pursuant to the Delaware LLC Act.

11

Delaware LLC Act also provides that an LLC is dissolved if it has no remaining members: "A limited liability company is dissolved and its affairs shall be wound up upon the first to occur of the following: . . . [a]t any time there are no members . . . ." Del. Code Ann. tit. 6, § 18-801(a). This provision also contains an exception to dissolution if:

> "within 90 days . . . after the occurrence of the event that terminated the continued membership of the last remaining member, the personal representative of the last remaining member agrees in writing to continue the limited liability company and to the admission of the personal representative of such member or its nominee or designee to the limited liability company as a member . . . ."

Del. Code Ann. tit. 6, § 18-801(a)(4)(a).

Once Debtor filed his voluntary bankruptcy petition, NYSI was "dissolved" under Delaware Law, although this status does not automatically end NYSI's legal existence nor preclude its resuscitation. Debtor filed a voluntary bankruptcy petition on July 22, 2005. (Paper 16, at 8). Pursuant to Del. Code Ann. tit. 6, § 18-304, he ceased to be a member of NYSI at that time. As a result, NYSI, which had been a single-member LLC, no longer had any members and became "dissolved" by operation of Del. Code Ann. tit. 6, § 18-801(a)(4). The exception to dissolution provided in section 18-801(a)(4)(a) is not available to NYSI. Because Trustee was not appointed until January 10, 2006, (paper 16, at 3), he could not take any action with respect to NYSI within 90 days of

July 22, 2005, as required to take advantage of the exception provided by section 18-801(a)(4)(a).

### 1. Resuscitation of NYSI

The bankruptcy court concluded that, although dissolved, NYSI was resuscitated under Del. Code Ann. tit 6, § 18-806 either when Trustee executed the LLC Amendment or when he executed the LLC Consent. (Paper 16, at 13-14). Debtor contends that this finding was in error. He argues that Trustee's actions were insufficient to resuscitate NYSI, that Trustee was not authorized as his "personal representative" to resuscitate NYSI, and that Trustee cannot acquire management rights in NYSI because LLC management rights are not assignable under Delaware law.

Under the Delaware LLC Act, although dissolved, an LLC does not cease to exist legally until a certificate of cancellation is filed with the office of Delaware's Secretary of State, which cannot occur until the LLC's affairs are wound up and its assets distributed. *See* Del. Code Ann. tit. 6, §§ 18-201(b), 18-203. A recently enacted provision of the Delaware LLC Act also specifically authorizes a "personal representative" of an LLC's last member to resuscitate an LLC dissolved for lack of any members at any time until the certificate of cancellation is issued. Del. Code Ann. tit 6, § 18-806.

> Notwithstanding the occurrence of an event set forth in § 18-801(a)(1), (2), (3) or (4) of this title, the limited liability company shall not be dissolved and its affairs shall

13

not be wound up if, prior to the filing of a certificate of cancellation in the office of the Secretary of State, the limited liability company is continued, effective as of the occurrence of such event, pursuant to the affirmative vote or written consent of all remaining members of the limited liability company or the personal representative of the last remaining member of the limited liability company if there is no remaining member . . . . If there is no remaining member of the limited liability company and the personal representative of the last remaining member votes in favor of or consents to the continuation of the limited liability company, such personal representative shall be required to agree in writing to the admission of the personal representative of such member or its nominee or designee to the limited liability company as a member, effective as of the occurrence of the event that terminated the continued membership of the last remaining member.

*Id.* In interpreting this statute, a court must "'ascertain and give effect to the intent of the legislature.' Because a statute passed by the [Delaware] General Assembly is to be considered as a whole, rather than in parts, each section should be read in light of all others in the enactment." *Del. Bay Surgical Servs., P.C. v. Swier*, 900 A.2d 646, 652 (Del. 2006) (quoting *Coastal Barge Corp. v. Coastal Zone Ind. Control Bd.*, 492 A.2d 1242, 1246 (Del. 1985)).

Section 18-806 imposes three requirements for the resuscitation of a dissolved LLC that no longer has any members: (1) the last member must have a personal representative, (2) that representative must affirmatively vote or consent in writing to continuing the LLC, and (3) the personal representative must also

14

either become or appoint someone to become a member of the LLC. *Id.* Trustee argues and the bankruptcy court concluded that the LLC Amendment and LLC Consent that Trustee executed fulfill these requirements, while Debtor argues that none of these requirements have been met.

Debtor argues that the LLC Amendment filed by Trustee is insufficient to serve as a written consent to the continuation of NYSI or as a written consent for Trustee to serve as a member of NYSI as required by Del. Code Ann. tit. 6, § 18-806. In order to resuscitate NYSI, the personal representative of the last member must consent in writing both to continuation of NYSI and "to the admission of the personal representative of such member or its nominee or designee to the limited liability company as a member, effective as of the occurrence of the event that terminated the continued membership of the last remaining member." Del. Code Ann. tit. 6, § 18-806.

In the LLC Consent, Trustee explicitly "consents to the continuation of the Company [NYSI]. . . to the extent that such consent to continue has not already been made." (Trustee's Ex. 14 for Feb. 28, 2006 hearing). He also explicitly "agrees to the admission of the undersigned, [Trustee] as a member of the Company, in . . . [his] capacity as the Personal Representative of the last remaining member, effective as of the date of the occurrence of the event described in Section 18-801(a)(4) of the Act." (*Id.*) These

15

written consents are sufficient to meet the requirements of section 18-806 with respect to both continuation of NYSI and admission of Trustee as a member, regardless of whether the LLC Amendment also meets these requirements.

Debtor argues that Trustee did not become a member of NYSI, and hence had no authority to control it or to execute the LLC Amendment.  Admission to an ongoing LLC is generally governed by Del. Code Ann. tit. 6, § 18-301, which allows admission "upon the consent of all members and when the person's admission is reflected in the records of the limited liability company."  Debtor argues that there were no members of NYSI who could consent to make Trustee a member.  This argument would render the personal representative clauses of section 18-806 a nullity because a personal representative is only authorized to resuscitate a dissolved LLC when there are no other members.  Section 18-806 admits a personal representative (or his or her designee) as a member of an LLC dissolved for lack of any members when and if the personal representative executes a written consent to become a member and to the continuance of the LLC.  Trustee followed this procedure when he executed the LLC Consent.

Debtor also argues that Trustee is not a "personal representative" and as such is not authorized to resuscitate NYSI under section 18-806.  When an LLC has been dissolved for lack of remaining members under section 18-801(a)(4), section 18-806

authorizes the "personal representative of the last remaining member" to act to resuscitate the LLC.  The term "personal representative" is defined broadly:  "as to a natural person, the executor, administrator, guardian, conservator or other legal representative thereof . . . ."  Del. Code Ann. tit. 6, § 18-101(13).  Delaware courts are bound to apply unambiguous statutory language, but will apply techniques of statutory interpretation to ascertain the meaning of ambiguous statutory language.

> If the statute as a whole is unambiguous, there is no reasonable doubt as to the meaning of the words used and the Court's role is then limited to an application of the literal meaning of the words. However, it is undisputed that when a statute is ambiguous and its meaning may not be clearly ascertained, the Court must rely upon its methods of statutory interpretation and construction to arrive at what the legislature meant.

*Bateman v. 317 Rehoboth Ave., LLC*, 878 A.2d 1176, 1182 n.15 (Del.Ch. 2005) (quoting *Coastal Barge Corp.*, 492 A.2d at 1246). The scope of the term "other legal representative" in the definition of "personal representative," Del. Code Ann. tit. 6, § 18-101(13), is not clear on its face.  Because no Delaware Court has considered whether a bankruptcy trustee is a personal representative, it is appropriate to look to the persuasive authority of decisions interpreting the same language elsewhere.

Debtor argues that Trustee is the legal representative of his estate and its creditors, and, because he may take action adverse

17

to Debtor's personal interests, is not Debtor's personal representative.  This argument is unpersuasive in light of the purpose of the relevant sections of the Delaware LLC Act and a long history of decisions interpreting the scope of statutory authorizations for action by a personal representative or legal representative.

A bankruptcy trustee is authorized under federal bankruptcy law to administer a debtor's estate.  Trustee is authorized to operate Debtor's business in its ordinary course, 11 U.S.C. §§ 1106(a)(1), 704(5), and, upon a hearing, outside the ordinary course of business, 11 U.S.C. § 363(b)(1).  Once appointed, a bankruptcy trustee acquires the authority to exercise certain rights that would otherwise belong to the debtor, such as filing a motion on behalf of the debtor in ongoing litigation in an attempt to secure a judgment that would be property of the estate.  *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 94-95 (4th Cir. 1997).  Courts usually interpret a bankruptcy trustee as being a "personal representative" or "legal representative" of the debtor when statutes authorize action by a personal or legal representative. *See Heyman*, 116 F.3d at 94-95 (trustee authorized as legal representative of Debtor to file Fed.R.Civ.P. 60(b) motion); *McClaskey v. Harbison-Walker Refractories Co.*, 138 F.2d 493, 495, 499 (3[d] Cir. 1943) (sheriff acting with authority similar to bankruptcy trustee authorized to assign patent rights as personal

representative); *Scott v. Hollingsworth*, 2 P.2d 571, 574 (Cal.Ct.App. 1931) (receiver authorized as personal representative to sue to collect statutory penalties), *overruled on other grounds by* 9 P.2d 836 (Cal. 1932); In re *Wilcox & Howe Co.*, 39 A. 163, 165-67 (Conn. 1898) (recognizing a general rule that a trustee is a debtor's personal representative, but finding an exception under Connecticut conditional sales statute); *Monongahela Bank v. Overhold*, 96 Pa. 327, 1880 WL 5096 at *3 (Pa. 1880) (bankruptcy assignee authorized as legal representative to sue for statutory penalties); *see also Goldberg v. Nathan Littauer Hosp. Ass'n*, 160 Misc.2d 571, 575 (N.Y.Sup.Ct. 1994) (bankruptcy trustee treated as the administrator of a decedent's estate for tolling statute of limitations).

Exceptions to this rule have been recognized with respect to rights that are highly personal to the debtor or not appropriately exercised by a bankruptcy trustee. A bankruptcy trustee is not authorized to administer a debtor's constitutional privacy rights in his or her mail. In re *Benny*, 29 B.R. 754 (N.D.Cal. 1983) (indicating a trustee represents the estate rather than the personal interest of the debtor); In re *Crabtree*, 37 B.R. 426 (Bankr.E.D.Tenn. 1984). A trustee also is not a "personal representative" of the debtor under a Connecticut statute making unrecorded conditional sales effective only against the buyer or its personal representative, because the statute authorized the

liquidation of conditionally held goods upon insolvency and this purpose would be frustrated by making conditions on the sale effective against a trustee as the buyer's personal representative. In re *Wilcox & Howe Co.*, 39 A. at 165-67. Although not interpreting the meaning of "personal representative" or "legal representative," courts have also held that some actions of a bankruptcy trustee are not actions of the debtor. In re *Buckeye Countrymark, Inc.*, 251 B.R. 835, 840 (Bankr.S.D.Ohio 2000) (claim brought by trustee not barred by insurance contract language because it was not a claim brought by debtor); In re *Obie Elie Wrecking Co.*, 35 B.R. 114, 115 (Bankr.N.D.Ohio 1983) (payments to IRS made by trustee from the estate are not voluntary payments made by debtor); *Ragsdale v. New England Land & Dev. Corp.*, 297 S.E.2d 31, 33 (Ga. 1982) (remedy of shareholder derivative action is not available to a bankruptcy trustee of debtor-shareholder).

The policy rationale behind other sections of the Delaware LLC Act is to protect the interests of other members of an LLC from forced co-management with a bankruptcy trustee, but this justification does not apply to the powers conferred on a "personal representative" under section 18-806. Del. Code Ann. tit 6, § 18-304 severs the personal interest in control and management of an LLC of any member who files for bankruptcy to "recognize[] the unique relationships that exist among members of LLCs and protect[] solvent members from being forced into relationships they did not

20

choose that result from the bankruptcy of one of their chosen co-investors." *Milford Power Co. v. PDC Milford Power, LLC*, 866 A.2d 738, 754 (Del.Ch. 2004).

Cooperative management of an LLC by co-investors is a right with respect to which a trustee is not a personal representative, but the policy rationale of protecting co-investors from unwanted relationships is not operative when an LLC is dissolved under Del. Code Ann. tit. 6, § 18-801(a)(4) for want of any remaining members. Under these circumstances, there are no other members whose interests could be protected by restrictions on management rights. Section 18-806 allows a "personal representative" to act only when there are no remaining members of the LLC, and thus no co-investors to protect.  The Delaware Supreme Court would likely hold that a bankruptcy trustee meets the statutory definition of a "personal representative" because the statute's policy rationale suggests no reason to depart from the general interpretation of the terms "legal representative" and "personal representative." *See, e.g.*, *Heyman*, 116 F.3d at 94-95; In re *Wilcox & Howe Co.*, 39 A. at 166.

### 2.  Assignment of the Right to Manage NYSI

Debtor argues that his own bankruptcy estate included only an economic interest in NYSI, and Trustee cannot be a member of NYSI or have any right to participate in the management of NYSI.  This argument is not persuasive because it ignores the effect of section 18-806 of the Delaware LLC Act.

Pursuant to Del. Code Ann. tit. 6, § 18-702, unless an LLC agreement provides otherwise, "[t]he assignee of a member's limited liability company interest shall have no right to participate in the management of the business and affairs of a limited liability company." The Delaware LLC Act defines a "limited liability company interest" as "a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets". Del. Code Ann. tit. 6, § 18-101(8). The Delaware Court of Chancery has held that when a member of a multi-member Delaware LLC files for bankruptcy, his membership interest in the governance of the LLC terminates under Del. Code Ann., tit. 6, § 18-304, but his limited liability interest, consisting only of economic rights to payment, becomes part of his bankruptcy estate. *Milford Power Co., LLC v. PDS Milford Power, LLC*, 866 A.2d 738, 760-62 (Del.Ch. 2004); *accord Eureka VIII, LLC v. Niagara Falls Holdings, LLC*, 899 A.2d 95, 115-16, (Del.Ch. 2006) (interpreting LLC operating agreement and Delaware LLC Act to craft remedy for breach of LLC operating agreement). "The policy that underlies § 18-702(b)(3) is that 'it is far more tolerable to have to suffer a new passive co-investor one did not choose than to endure a new co-manager without consent.'" *Eureka VIII*, 866 A.2d at 115 (quoting *Milford Power*, 866 A.2d at 760). Debtor argues that the application of these

statutory provisions and Delaware decisions precludes Trustee from taking any management interest in NYSI.

Both *Milford Power* and *Eureka VIII* involved circumstances where disassociation of one or more members did not leave the LLC with no remaining members. While the Delaware LLC Act does not generally distinguish between multi-member and single-member LLCs, the application of sections 18-801(a)(4) and 18-806 are significantly different depending on whether any members remain after one or more members are dissociated by bankruptcy. The bankruptcy of fewer than all members of an LLC does not cause the dissolution of the LLC and the remaining members continue to run the LLC. They do so without the input of the bankruptcy trustee in order to protect them from the rigors of an undesired co-management relationship. *See Milford Power*, 866 A.2d at 760. In such a scenario, section 18-806 does not authorize a bankruptcy trustee, as personal representative of the former member, to take any action with respect to the LLC's governance. In the case of NYSI, a single-member LLC, Debtor's bankruptcy filing not only terminated his membership under section 18-304 but dissolved NYSI under section 18-801(a)(4) because NYSI had no remaining members. When an LLC is dissolved for lack of remaining members, section 18-806 empowers the bankruptcy trustee, as personal representative of the last remaining member, to consent to the continuation of the LLC and to become the sole member of the LLC. Del. Code Ann. tit. 6,

§ 18-806.  The meaning of this language is plain.  Trustee consented to these conditions in writing in the LLC Consent, if not earlier, and became the sole member of NYSI effective as of the time Debtor filed his voluntary Chapter 11 petition.  As the new sole member of NYSI, Trustee is entitled to management rights regardless of whether the LLC Amendment was effective in naming him as manager.  "Unless otherwise provided in a limited liability company agreement, the management of a limited liability company shall be vested in its members."  Del. Code Ann. tit. 6, § 18-402.

Debtor argues that such a construction of section 18-806 deprives section 18-304(2) of the Delaware LLC Act of meaning. Del. Code Ann. tit. 6, § 18-304(2) terminates the membership of an LLC member if:

> Unless otherwise provided in a limited liability company agreement, or with the written consent of all members, 120 days after the commencement of any proceeding against the member seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any statute, law or regulation, if the proceeding has not been dismissed, or if within 90 days after the appointment without the member's consent or acquiescence of a trustee, receiver or liquidator of the member or of all or any substantial part of the member's properties, the appointment is not vacated or stayed, or within 90 days after the expiration of any such stay, the appointment is not vacated.

Del. Code Ann. tit. 6 § 304(2).  This provision, like section 18-702, continues to apply in spite of the construction of section 18-806 described above, if members remain in an LLC.  This result is

24

consistent with the text of section 18-806, which authorizes a personal representative to act only when there are no remaining LLC members.  It is also consistent with the policy rationale, protecting remaining LLC members from an unwanted co-management relationship with a bankruptcy trustee, that underlies sections 18-304 and 18-702.  *Eureka VIII*, 866 A.2d at 115; *Milford Power*, 866 A.2d at 760.

## IV.  Conclusion

For the reasons stated above, because there were no clearly erroneous findings of fact nor any erroneous conclusions of law, the court will affirm the ruling of the bankruptcy court.  A separate Order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge